STATE OF NORTH CAROLINA v. GRADY RAY MOTSINGER

No. 7621SC518

(Filed 1 December 1976)

**Criminal Law § 154— record on appeal settled — time for obtaining certification of clerk**

> Defendant's appeal is dismissed where he waited 69 days after the record on appeal was settled to present the record to the clerk of superior court for certification, rather than presenting it within 10 days as required by Rule 11(e) of the Rules of Appellate Procedure.

APPEAL by defendant from *Crissman, Judge.* Judgment entered 5 February 1976 in Superior Court, FORSYTH County. Heard in the Court of Appeals 8 November 1976.

Defendant was arrested on 2 April 1975 and charged with operating a motor vehicle on a public highway while under the influence of intoxicating liquor. On 1 May 1975 defendant was tried and found guilty in the district court. Defendant appealed and was tried *de novo* before a jury in superior court. The jury returned a verdict of guilty, and judgment was entered suspending an active jail term upon conditions, one of which was that he surrender his driver's license.

*Attorney General Edmisten, by Special Deputy Attorney General James L. Blackburn, for the State.*

*W. Warren Sparrow for the defendant.*

BROCK, Chief Judge.

Defendant served upon the district attorney a proposed record on appeal on 31 March 1976. On 14 April 1976 the record on appeal was settled by agreement. The North Carolina Rules of Appellate Procedure, Rule 11(e) provides that "[w]ithin 10 days after the record on appeal has been settled . . . the appellant shall present the items constituting the record on appeal to the clerk of superior court for certification." Appellant in this case waited until 22 June 1976 to obtain the clerk's certification, a total of 69 days.

We state once again what was said in *Ledwell v. County of Randolph,* N. C. App. (filed 17 November 1976); in *State v.*

*Gillespie,* N.C. App. (filed 17 November 1976); and in *In Re Allen,* N. C. App. (filed 1 December 1976):

> "The time schedules set out in the rules are designed to keep the process of perfecting an appeal to the appellate division flowing in an orderly manner. Counsel is not permitted to decide upon his own enterprise how long he will wait to take his next step in the appellate process. There are generous provisions for extensions of time by the trial court if counsel can show good cause for extension.

> "The North Carolina Rules of Appellate Procedure are mandatory. 'These rules govern procedure in all appeals from the courts of the trial divisions to the courts of the appellate division; . . . ' App. R. 1(a)."

Appeal dismissed.

Judges PARKER and HEDRICK concur.